**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1775**

_____

MANUEL CACERES-MARROQUIN,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  January 28, 2016     Decided:  February 17, 2016

_____

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

George E. Lee, LEE IMMIGRATION LAW GROUP, Alpharetta, Georgia, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Aric A. Anderson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Caceres-Marroquin, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's finding that his South Carolina conviction for criminal domestic violence was categorically a "crime of domestic violence" under 8 U.S.C. § 1227(a)(2)(E) (2012) that rendered him ineligible for cancellation of removal.

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). "Where . . . the [Board] construes statutes over which it has no particular expertise, [however,] its interpretations are not entitled to deference." Karimi v. Holder, 715 F.3d 561, 566 (4th Cir. 2013). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the Board's factual findings under the substantial evidence rule. Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008).

Upon review, we conclude that the Board properly concluded that Caceres-Marroquin's South Carolina conviction constituted a crime of violence under 18 U.S.C. 16(a) (2012) that rendered him ineligible for cancellation of removal. See 8 U.S.C.

2

§ 1227(a)(E)(1); 8 U.S.C. § 1229b(b)(1)(C) (2012). We therefore deny the petition for review for the reasons stated by the Board. See In re: Caceres-Marroquin (B.I.A. June 12, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3